**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES MIKELL, | No. 11-15747 |
| Petitioner - Appellant, | D.C. No. 3:07-cv-00577-RCJ-RAM |
| v. | |
| BRIAN E. WILLIAMS, SR., | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Chief District Judge, Presiding

Submitted June 10, 2013[**]
San Francisco, California

Before: TASHIMA and BYBEE, Circuit Judges, and STAFFORD, Senior District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable William H. Stafford, Jr., Senior District Judge for the U.S. District Court for the Northern District of Florida, sitting by designation.

James Mikell appeals the district court's denial of his petition for a writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

Mikell was tried jointly with two co-defendants. During the trial, the two co-defendants entered into plea agreements with the State. The trial judge advised the jury that the case had been "resolved" against the two co-defendants, and that the trial would be proceeding only for Mikell. The judge did not issue a cautionary instruction advising the jury that the resolution of the case as to Mikell's co-defendants should not impact their deliberations with regard to Mikell's guilt. The jury found Mikell guilty on all counts.

Mikell claims that he is entitled to habeas relief because the state court unreasonably applied "clearly established Federal law" in holding that the trial judge's handling of his co-defendants' changes of plea did not violate Mikell's constitutional rights. *See* 28 U.S.C. § 2254(d)(1). The State not only disagrees with Mikell on the merits, but also contends that Mikell failed to exhaust his claim in state court.

Even assuming that Mikell exhausted his claim in state court, his claim fails on the merits. There is no Supreme Court case that clearly establishes that a trial judge must issue a cautionary instruction or otherwise handle co-defendants'

mid-trial changes of plea differently from how the trial judge handled the situation here. The circuit precedents cited by Mikell are not "clearly established Federal law" under 28 U.S.C. § 2254(d)(1), *see Marshall v. Rodgers*, 133 S. Ct. 1446, 1450–51 (2013); *Ortiz-Sandoval v. Clarke*, 323 F.3d 1165, 1172 (9th Cir. 2003), and the only Supreme Court cases cited by Mikell are insufficiently on-point for us to say that the trial court was objectively unreasonable in not applying those cases to find a constitutional violation, *see Harrington v. Richter*, 131 S. Ct. 770, 785–86 (2011). Mikell has thus failed to show that the state court unreasonably applied "clearly established Federal law," so we affirm the district court's denial of his habeas petition.

AFFIRMED.