**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM PETER NEW,<br><br>    Petitioner - Appellant,<br><br> v.<br><br>DOMINGO URIBE, Jr., Warden; THE ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,<br><br>    Respondents - Appellees. | No. 11-57055<br><br>D.C. No. 3:09-cv-02609-JLS-POR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Argued and Submitted April 12, 2013
Pasadena, California

Before: RAWLINSON and BYBEE, Circuit Judges, and TIMLIN, Senior District Judge.[**]

Appellant William New (New) appeals the district court's denial of his

petition for a writ of habeas corpus.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Robert J. Timlin, Senior District Judge for the U.S. District Court for the Central District of California, sitting by designation.

1.    In concluding that the trial court did not err in holding that the justification for the delay outweighed any prejudice to New, *see People v. New*, 77 Cal. Rptr. 3d 503, 520-21 (Ct. App. 2008), the state appellate court did not unreasonably apply clearly established federal law. The relevant Supreme Court precedents explicitly decline to set out a clear test for balancing justification against prejudice, asserting that such balancing requires case-by-case consideration.  *See United States v. Lovasco*, 431 U.S. 783, 796-97 (1977); *United States v. Marion*, 404 U.S. 307, 324-25 (1971). In light of the lack of a clear test, we cannot say that the state court applied Supreme Court law in a manner that was objectively unreasonable in finding that the justification here outweighed the prejudice.  *See Harrington v. Richter*, 131 S.Ct. 770, 785-86 (2011); *see also Cudjo v. Ayers*, 698 F.3d 752, 761 (9th Cir. 2012) ("[T]he *only* definitive source of clearly established federal law under AEDPA is the holdings . . . of the Supreme Court . . .") (citations and internal quotation marks omitted) (emphasis in the original). Nor can we say that the state court unreasonably applied clearly established Supreme Court law by noting that a federal due process claim based on pre-indictment delay requires a showing that the delay was undertaken by the State to gain a tactical advantage over the defendant.  *See New*, 77 Cal. Rptr. 3d at 515. Though our court has held that there is no such requirement, *see United States v.*

*Moran*, 759 F.2d 777, 781 (9th Cir. 1985), other courts, including the California Supreme Court, disagree, *see, e.g.*, *People v. Catlin*, 26 P.3d 357, 373 (Cal. 2001). It was not unreasonable for the state court to side with the California Supreme Court. *See Marshall v. Rodgers*, 133 S.Ct. 1446, 1450 (2013) ("[C]ircuit precedent may [not] be used to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] Court has not announced. . . .") (citations omitted). Morever, even if it was unreasonable, any error was harmless. The state court noted that California law does not require a showing of intended tactical advantage for a valid state due process claim, yet still found no state violation. *New*, 77 Cal. Rptr. 3d at 520-21. Thus any error as to the federal standard did not have a "substantial and injurious" effect on the defendant because the state court would have come to the same conclusion on the federal claim even if it had not required a showing of intended tactical advantage. *See Brecht v. Abrahamson*, 507 U.S. 619, 631 (1993).

**2.** New has failed to point us to clearly established Supreme Court precedent that misjoinder of claims against a defendant can violate due process, and we have discovered none. Even if there were clearly established precedent, the state court reasonably concluded that the joinder of both murder counts did not

deprive New of due process. A joinder of charges only violates due process if the jury's verdict is prejudicially influenced. Where, as here, evidence of both murders was relatively strong and cross-admissible to prove identity or intent, and the trial court instructed the jury to consider each murder charge separately, the joinder of both murder counts did not prejudice New. *See Davis v. Woodford*, 384 F.3d 628, 638-39 (9th Cir. 2004), *as amended*.

**AFFIRMED.**