NOT FOR PUBLICATION



FILED

MAR 12 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| JESUS RIVAS, | ) | No. 10-56615 |
| | ) | |
| Petitioner - Appellant, | ) | D.C. No. 2:09-cv-02200-JHN-DTB |
| | ) | |
| v. | ) | MEMORANDUM[*] |
| | ) | |
| MATTHEW L. CATE, Warden, | ) | |
| | ) | |
| Respondent - Appellee. | ) | |
| | ) | |

Appeal from the United States District Court
for the Central District of California
Jacqueline H. Nguyen, District Judge, Presiding

Argued and Submitted March 4, 2014
Pasadena, California

Before: FERNANDEZ and GRABER, Circuit Judges, and ZOUHARY,[**]
District Judge.

Jesus Rivas appeals the district court's denial of his petition for a writ of

habeas corpus. See 28 U.S.C. § 2254. We affirm.

Rivas asserts that his rights under the Sixth and Fourteenth Amendments to

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]The Honorable Jack Zouhary, United States District Judge for the Northern
District of Ohio, sitting by designation.

the United States Constitution were violated when the state courts excluded evidence regarding Rivas' post-traumatic stress disorder (PTSD) defense to the murder and other charges against him. We disagree.

Rivas first insists that we should apply a balancing test developed by our court to assess whether the exclusion deprived him of a complete defense. See Miller v. Stagner, 757 F.2d 988, 994–95 (9th Cir. 1985); see also Perry v. Rushen, 713 F.2d 1447, 1452–53 (9th Cir. 1983). He is wrong.

We must apply "clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); see also Williams v. Taylor, 529 U.S. 362, 412, 120 S. Ct. 1495, 1523, 146 L. Ed. 2d 389 (2000). We must not consider circuit law that seeks to "refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that [the] Court has not announced." Marshall v. Rodgers, __ U.S. __, __ ,133 S. Ct. 1446, 1450, 185 L. Ed. 2d 540 (2013) (per curiam). That precludes the application of circuit precedents that convert the Court's "highly generalized" standards into an "elaborate, multistep test" that the Court has not adopted. Parker v. Matthews, __ U.S. __, __, 132 S. Ct. 2148, 2155, 183 L. Ed. 2d 32 (2012) (per curiam). Because of those strictures we have held, in a case where expert witness evidence was excluded, that Miller is "a creation of circuit law" and "we cannot fault the state

2

appellate court" unless it violates Supreme Court precedent. <u>Moses v. Payne</u>, 555 F.3d 742, 759 (9th Cir. 2009).

The state courts excluded the mental defense premised on chronic PTSD because they determined that what was reflected in the expert's weak report was unhelpful and did not even indicate how PTSD prevented Rivas from forming the requisite mental state. California law prohibits a general defense of diminished capacity. Cal. Penal Code § 28. Without a nexus between the disorder and Rivas' specific intent, the diagnosis of chronic PTSD and the evidence of what happened in El Salvador more than twenty years earlier were excludable. Those exclusions were not similar to the rare instances[1] where the Supreme Court has found a violation of the Constitution after balancing a state's interest in excluding certain kinds of evidence against the defendant's interest in presenting a complete defense.[2] Thus, we cannot say that there was a violation of the Constitution.

---

[1]<u>See</u> <u>Nevada v. Jackson</u>, __ U.S. __, __, 133 S. Ct. 1990, 1992, 186 L. Ed. 2d 62 (2013) (per curiam) ("Only rarely have we held that the right to present a complete defense was violated by the exclusion of defense evidence under a state rule of evidence."); <u>see also</u> <u>United States v. Scheffer</u>, 523 U.S. 303, 308–09, 118 S. Ct. 1261, 1264–65, 140 L. Ed. 2d 413 (1998).

[2]<u>See</u> <u>Holmes v. South Carolina</u>, 547 U.S. 319, 330–31, 126 S. Ct. 1727, 1734–35, 164 L. Ed. 2d 503 (2006); <u>Crane v. Kentucky</u>, 476 U.S. 683, 689–91, 106 S. Ct. 2142, 2146–47, 90 L. Ed. 2d 636 (1986); <u>Chambers v. Mississippi</u>, 410 U.S. 284, 302–03, 93 S. Ct. 1038, 1049, 35 L. Ed. 2d 297 (1973); <u>Washington v.</u>

(continued...)

Moreover, even if excluding the evidence was error, it was harmless due to the extensive evidence that Rivas formed malice aforethought.  See Brecht v. Abrahamson, 507 U.S. 619, 623, 113 S. Ct. 1710, 1714, 123 L. Ed. 2d 353 (1993); Moses, 555 F.3d at 760.

AFFIRMED.

---

[2](...continued)
Texas, 388 U.S. 14, 22–23, 87 S. Ct. 1920, 1925, 18 L. Ed. 2d 1019 (1967); cf. Rock v. Arkansas, 483 U.S. 44, 61, 107 S. Ct. 2704, 2714, 97 L. Ed. 2d 37 (1987).