**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 03 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CARL HENRY,

        Petitioner - Appellant,

v.

FREDERICK B. HAWS, Warden,

        Respondent - Appellee.

No. 12-56417

D.C. No. 2:09-cv-07297-ODC-JC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, II, District Judge, Presiding

Argued and Submitted November 18, 2014
Pasadena, California

Before: W. FLETCHER and BYBEE, Circuit Judges, and SETTLE, District
Judge.[**]

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Benjamin H. Settle, United States District Judge for
the Western District of Washington, sitting by designation.

Petitioner Carl Henry appeals the denial of his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. The district court granted a certificate of appealability on a single issue: whether the trial court violated Petitioner's Sixth and Fourteenth Amendment rights to be present when he was removed from the courtroom. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We affirm.

The Supreme Court has clearly established that "[o]ne of the most basic of the rights guaranteed by the Confrontation Clause is the accused's right to be present in the courtroom at every stage of his trial." *Illinois v. Allen*, 397 U.S. 337, 338 (1970) (citing *Lewis v. United States*, 146 U.S. 370 (1892)). But contrary to Petitioner's contention, the Court has not clearly established that it is a constitutional violation to remove an unruly defendant from the courtroom without issuing the defendant a warning regarding the consequences of his actions. Reflecting the lack of guidance from the Court, lower courts have diverged on this issue. *Compare Jones v. Murphy*, 694 F.3d 225, 242 n.9 (2d Cir. 2012), *cert. denied*, 133 S. Ct. 1247 (2013) (warning not mandatory), *with Gray v. Moore*, 520 F.3d 616, 624 (6th Cir. 2008), *cert. denied*, 555 U.S. 894 (2008) (warning mandatory). Even if more circuits had weighed in on this particular issue, the

2

Court has held that an appellate panel "may not canvass circuit decisions to determine whether a particular rule of law is so widely accepted among the Federal Circuits that it would, if presented to this Court, be accepted as correct." *Marshall v. Rodgers*, 133 S. Ct. 1446, 1451 (2013). Therefore, in the absence of clearly established law on this specific issue, the question presented is whether the California Court of Appeal's decision is contrary to or an unreasonable application of the more general rule that removal is within the sound discretion of the trial court. *Cf. Knowles v. Mirzayance*, 556 U.S. 111, 122–23 (2009).

When a fact-specific standard of review is viewed through the additionally "deferential lens of § 2254(d)," *id.* at 121 n.2, the bar to relief is a high one. *See Renico v. Lett*, 559 U.S. 766, 778 (2010) (noting the "dual layers of deference required by AEDPA" and the abuse-of-discretion standard of review). According the California Court of Appeal the deference it deserves, we conclude that it was not an unreasonable application of federal law to hold that Petitioner lost his right to be present by "conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial [could not] be carried on with him in the courtroom." *Allen*, 397 U.S. at 343. Therefore, Petitioner is not entitled to relief under § 2254.

3

Finally, to the extent that Petitioner asserts an uncertified claim on appeal that he was incompetent to knowingly waive his right to confrontation, this claim was not raised below. *See Poland v. Stewart*, 169 F.3d 573, 576 n.4 (9th. Cir. 1999). We decline to issue a certificate of appealability.

**AFFIRMED.**