
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NORMAN EUGENE CLUKE, | No. 13-56544 |
| Petitioner - Appellant, | D.C. No. 3:11-cv-01896-CAB-NLS |
| v. | |
| GARY SWARTHOUT, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted March 4, 2015[**]
Pasadena, California

Before: GOULD and TALLMAN, Circuit Judges, and KORMAN, Senior District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Edward R. Korman, Senior United States District Judge for the Eastern District of New York, sitting by designation.

Norman E. Cluke appeals the district court's denial of federal habeas relief. Cluke argues that the California trial court violated his right to testify under the Fifth, Sixth, and Fourteenth Amendments because the trial court had a constitutional obligation to ask Cluke personally whether Cluke wished to testify. Federal habeas relief may not be granted for claims subject to 28 U.S.C. § 2254(d) unless petitioner shows: (1) that the state court's decision "was contrary to" clearly established Supreme Court law, § 2254(d)(1), *Williams v. Taylor*, 529 U.S. 362, 412 (2000); or (2) that it "involved an unreasonable application of" such law, § 2254(d)(1); or (3) that it "was based on an unreasonable determination of the facts" in light of the record before the state court, § 2254(d)(2). *See, e.g.*, *Harrington v. Richter*, 562 U.S. 86 (2011). Because Cluke has failed to meet this high standard, we affirm.

First, Cluke points to no clearly established Supreme Court law indicating that a trial court has a constitutional obligation to personally inquire into a defendant's desire to testify, instead Cluke relies on distinguishable out-of-circuit cases. *Marshall v. Rodgers*, 133 S. Ct. 1446, 1450 (2013) (court of appeals erred by relying "on the mistaken belief that circuit precedent may be used to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that [the Supreme] Court has not announced").

Second, the California Court of Appeal's factual finding that Cluke knew he had the right to testify and chose not to do so was a reasonable determination of the facts in light of the record showing that (a) after Cluke initially expressed a desire to testify, the trial court explained in open court his right to testify, (b) the trial court ruled on the prior convictions it would admit for impeachment purposes to assist Cluke in deciding whether to testify, (c) the trial court provided Cluke and his attorney a short recess to reconsider whether Cluke wished to testify in light of the now admissible impeachment evidence, and (d) that Cluke did not again mention his desire to testify until after the jury found him guilty. Although Cluke now alleges he never agreed with the recommendation of his trial counsel, Frank Puglia, to not testify, the state court credited Puglia's testimony that Cluke's nod during the short recess and the fact that Cluke did not again express a desire to testify until after the jury verdict, left Puglia with the impression he had convinced Cluke that testifying was a bad idea. Cluke has failed to offer "clear and convincing evidence" to overcome the presumption of correctness we must accord the state court's factual finding. *See* 28 U.S.C. § 2254(e)(1); *Schriro v. Landrigan*, 550 U.S. 465, 473–74 (2007).

**AFFIRMED.**

3