RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 15a0257p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

ANTONIO TERRANCE COLEMAN,

>*Petitioner-Appellant,*

>*v.*

>No. 14-1459

DAVID BERGH, Warden,

>*Respondent-Appellee.*

Appeal from the United States District Court
for the Eastern District of Michigan at Flint.
No. 4:12-cv-10883—Terrence George Berg, District Judge.

Decided and Filed:  October 27, 2015

Before:DAUGHTREY and CLAY, Circuit Judges; ECONOMUS, District Judge.[*]

_____

**COUNSEL**

**ON BRIEF:**  John S. Pallas, OFFICE OF THE MICHIGAN ATTORNEY GENERAL, Lansing, Michigan, for Appellee.  Antonio Terrance Coleman, Coldwater, Michigan, pro se.

_____

**OPINION**

_____

MARTHA CRAIG DAUGHTREY, Circuit Judge.  Antonio Terrance Coleman, a Michigan state prisoner proceeding *pro se*, appeals the district court's judgment denying his petition for a writ of habeas corpus that Coleman filed pursuant to 28 U.S.C. § 2254.  The district court also denied a certificate of appealability (COA), but we granted a COA on a single issue: "whether Coleman's appellate counsel was constitutionally ineffective for failing to argue that

---

[*]The Honorable Peter C. Economus, United States District Judge for the Northern District of Ohio, sitting by designation.

Coleman had a right to counsel at his pre-appeal evidentiary hearing on his motion for a new trial and whether Coleman waived that right." We now vacate that COA as improvidently granted.

The factual background and the proceedings in Coleman's case have been set out on several occasions. He was convicted by a jury on charges of armed robbery, felon-in-possession of a firearm, and possession of a firearm in the commission of a felony and was sentenced to 22-32 years in prison. *People v. Coleman*, No. 268770, 2007 WL 1791694, at *1 (Mich. Ct. App. June 21, 2007). Shortly after sentencing, Coleman filed the pleading at issue here, a *pro se* motion for a new trial, which was denied. His direct appeal was unsuccessful, as was his motion for leave to appeal his conviction to the Michigan Supreme Court. *People v. Coleman*, 740 N.W.2d 251 (Mich. 2007). Coleman then filed a motion for relief from judgment, Michigan's post-conviction vehicle. In it he argued, among other things, that he had received ineffective assistance of counsel when his appellate attorney failed to argue that he was allowed to proceed without counsel at the hearing on his motion for a new trial. The state trial judge denied Coleman's motion for relief from judgment, pointing out that he had warned Coleman against proceeding without the aid of counsel, albeit at the end of the hearing rather than the outset. The Michigan Court of Appeals and the Michigan Supreme Court denied leave to appeal. *People v. Coleman*, 809 N.W.2d 587 (Mich. 2012).

Coleman then filed a petition for a writ of habeas corpus in federal court, raising various claims. The district court denied relief on the merits and declined to issue a COA. However, we subsequently granted review on Coleman's claim that his appellate attorney was constitutionally ineffective "for failing to argue that Coleman had a right to counsel at pre-appeal evidentiary hearing on his motion for a new trial and whether Coleman waived that right."

As a threshold procedural matter, we note that the hearing in question was not "evidentiary" in nature. Shortly after sentencing, Coleman filed the motion for a new trial *pro se,* and the state trial judge allowed him to appear in court and argue the motion. Coleman raised three claims, none of which had any merit. Nevertheless, the judge listened patiently, explaining to Coleman as to each claim why he was not entitled to relief. The judge then involved Coleman in a colloquy that last several minutes, trying to impress upon him the importance of having a lawyer represent him on direct appeal. Coleman maintained at that time that he intended to

represent himself before the Michigan Court of Appeals, but he evidently changed his mind a few weeks later, because the state court docket sheet reflects the appointment of appellate counsel in Coleman's case, and he was represented by counsel on direct appeal.

Significantly, in the brief filed on appeal, appointed counsel did not raise any of the claims set out in his client's *pro se* motion for a new trial, most likely because, as previously noted, they were completely without merit. But, counsel also did not raise one of the issues that Coleman later included in his state post-conviction litigation, which is the subject of the COA in this case: whether the state trial court committed constitutional error in letting Coleman appear *pro se* at the hearing on his motion for a new trial without securing a valid waiver of the right to counsel and whether it was ineffective assistance by appellate counsel to fail to raise the issue on direct appeal. Thus, the state court of appeals never had the occasion to rule on the issue, and the only reasoned opinion to discuss it came from the state trial court in ruling on Coleman's post-conviction motion for relief from judgment. The trial judge held that the claim had no merit because he had warned Coleman not to proceed without counsel at the end of the hearing on the motion for a new trial.

Coleman next filed his habeas petition in federal court, raising several issues, including his claim that he had been deprived of counsel at the post-trial hearing. The district court held that the claim was meritless, "because a court is only required to warn a defendant of the dangers of self-representation when he seeks to represent himself at trial, but not on appeal," citing *Martinez v. Court of Appeal of California*, 528 U.S. 152, 161–63 (2000). The *Martinez* case does stand for the proposition that the Sixth Amendment right to counsel at trial does not extend to appeals, which might leave us to decide whether a hearing on a motion for a new trial is, as the state describes it, a "pre-appeal" process not covered by the Sixth Amendment or, instead, merely a stage of the trial at which counsel is guaranteed. In the latter situation, a criminal defendant intent on self-representation at trial must not only be warned of the risks entailed in proceeding without counsel, *Faretta v. California*, 422 U.S. 806, 835 (1975), but must also enter a valid waiver of counsel—one that is knowing, voluntary, and intelligent. *See Johnson v. Zerbst*, 304 U.S. 458, 464 (1938).

Fortunately, we do not have to decide this issue on the basis of semantics, *i.e.*, whether the hearing at issue was "post-trial" or "pre-appeal." The Supreme Court has told us repeatedly that the Sixth Amendment right to counsel attaches only to "critical stages" of a criminal prosecution and trial. *See, e.g.*, *Iowa v. Tovar*, 541 U.S. 77, 80–81 (2004). Thus, the dispositive question here is whether the hearing on a motion for a new trial is a "critical stage" of a criminal prosecution. Because Coleman's claim is brought under 28 U.S.C. § 2254(d)(1), the answer must be found within a very narrow set of limits. As the Supreme Court has observed:

> The starting point for cases subject to § 2254(d)(1) is to identify the "clearly established Federal law, as determined by the Supreme Court of the United States" that governs the habeas petitioner's claims.[1] *See Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Knowles v. Mirzayance*, 556 U.S. 111, 112 (2009).

*Marshall v. Rodgers*, 133 S. Ct. 1446, 1449 (2013). And, as the Court has recently reiterated, "[C]learly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of [the Supreme Court's] decisions." *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014) (internal quotation marks and citation omitted).

As it turns out, the Supreme Court has never held that a hearing on a motion for a new trial is a critical stage of a criminal proceeding. Indeed, in *Marshall*, the Supreme Court was presented with the opportunity to rule that such a "post-trial, preappeal motion for a new trial is a critical stage of the prosecution" but specifically declined to do so, saying that "[t]he Court expresses no view on the merits of the underlying Sixth Amendment principle the respondent urges," *i.e.*, that the motion for a new trial constitutes a critical stage of the proceedings. 133 S. Ct. at 1449, 1451.

As a result, for purposes of a prisoner's request for habeas relief under § 2254(d)(1), there is no "clearly established Federal law, as determined by the Supreme Court," creating a right to counsel at a hearing on a motion for a new trial and, thus, no basis on which Coleman's

---

[1]Under the 1996 Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254(d), federal habeas relief may not be granted unless the state court decision at issue:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

appellate attorney could have argued before the Michigan Court of Appeals that a violation of the Sixth Amendment had occurred when Coleman was allowed to appear without counsel in the absence of a valid waiver. It follows that there could be no finding of ineffective assistance of counsel in this regard and, therefore, no arguable basis for the issuance of a certificate of appealability, which we now VACATE as improvidently granted.