NOT FOR PUBLICATION

APR 20 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | | |
|---|---|---|
| REGINA PEEL, | ) | No. 13-57155 |
| | ) | |
| Petitioner - Appellant, | ) | D.C. No. 2:10-cv-05105-FMO-JEM |
| | ) | |
| v. | ) | MEMORANDUM* |
| | ) | |
| JEFFREY BEARD, | ) | |
| | ) | |
| Respondent - Appellee. | ) | |
| | ) | |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Argued and Submitted April 7, 2016
Pasadena, California

Before: FERNANDEZ and BEA, Circuit Judges, and MENDOZA,** District
Judge.

Regina Peel appeals the district court's denial of her petition for writ of

habeas corpus. *See* 28 U.S.C. § 2254. We affirm.

Peel asserts that her right to be protected against self-incrimination under the

___

*This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**The Honorable Salvador Mendoza, Jr., District Judge for the U.S. District
Court for the Eastern District of Washington, sitting by designation.

Fifth Amendment to the United States Constitution was violated when she was interrogated by police officers who did not inform her of her rights under *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S. Ct. 1602, 1612, 16 L. Ed. 2d 694 (1966). We disagree.

*Miranda* protections are accorded to those who are subjected to "custodial interrogation." *Id.* The writ of habeas corpus cannot issue unless the decision of the state court "'was contrary to' federal law then clearly established in the holdings of [the Supreme] Court; or that it 'involved an unreasonable application of' such law; or that it 'was based on an unreasonable determination of the facts' in light of the record before the state court." *Harrington v. Richter*, 562 U.S. 86, 100, 131 S. Ct. 770, 785, 178 L. Ed. 2d 624 (2011) (citations omitted). Moreover, relief must be denied unless "the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103, 131 S. Ct. 786–87. We have carefully reviewed the record, including the transcript of the interrogation, and we are unable to say that Peel has met those standards. That is, she has not shown that the California Court of Appeal made unreasonable determinations of facts. *See Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S. Ct. 1029, 1041, 154 L. Ed. 2d 931 (2003). Nor are we

2

able to say that in light of those facts the Court of Appeal's determination that she was not in custody[1] was unreasonable.[2] We recognize that we have decided cases on direct review that might suggest a contrary conclusion,[3] but those cannot be relied upon as a source of or to sharpen Supreme Court law for purposes of habeas corpus review of state decisions.[4]

AFFIRMED.

---

[1] *See, e.g.*, *Yarborough v. Alvarado*, 541 U.S. 652, 660–65, 124 S. Ct. 2140, 2147–50, 158 L. Ed. 2d 938 (2004); *Berkemer v. McCarty*, 468 U.S. 420, 437–39, 104 S. Ct. 3138, 3149–50, 82 L. Ed. 2d 317 (1984); *California v. Behleler*, 463 U.S. 1121, 1125, 103 S. Ct. 3517, 3520, 77 L. Ed. 2d 1275 (1983) (per curiam); *see also Howes v. Fields*, __ U.S. __, __, 132 S. Ct. 1181, 1189–90, 182 L. Ed. 2d 17 (2012).

[2] *Harrington*, 562 U.S. at 102, 131 S. Ct. at 786.

[3] *See United States v. Craighead*, 539 F.3d 1073, 1089 (9th Cir. 2008); *United States v. Kim*, 292 F.3d 969, 974, 977 (9th Cir. 2002); *but see Kim*, 292 F.3d at 978 (O'Scannlain, J., dissenting).

[4] *Marshall v. Rodgers*, __ U.S. __, __, 133 S. Ct. 1446, 1450–51, 185 L. Ed. 2d 540 (2013) (per curiam); *Parker v. Matthews*, 567 U.S. __, __, 132 S. Ct. 2148, 2155–56, 183 L. Ed. 2d 32 (2012) (per curiam).