GRABER, Circuit Judge, concurring in part and dissenting in part: I concur in part and dissent in part. I agree with the majority that the district court did not err in denying Petitioner’s ineffective assistance of .counsel claim, but I part ways with the majority with respect to the jury instruction issue. Every criminal defendant has the right to a meaningful opportunity to present a complete defense. California v. Trombetta, 467 U.S. 479, 485, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984). As we explained in Bradley v. Duncan, 315 F.3d 1091, 1099 (9th Cir. 2002), that right “would be empty if it did not entail the further right to an instruction that allowed the jury to consider the defense.” (Internal quotation marks omitted.) Accordingly, we have held consistently that a criminal defendant has a federal constitutional right to have the jury instructed according to his or her theory of the case if the theory has “some foundation in evidence.” United States v. Johnson, 459 F.3d 990, 992 (9th Cir. 2006) (internal quotation marks omitted). Here, Petitioner presented some evidence supporting his insanity defense.[1] For example, Dr. Chambers testified that, at the time of the alleged offense, Petitioner was laboring under the delusion that an apparition would kill him if he did not do as it wanted. Dr. Chambers further testified that Petitioner did not consider “right and wrong” when he acted; rather, Petitioner “did what he did out of fear and out of self preservation.” The majority, relying on Gilmore v. Taylor, 508 U.S. 333, 342, 113 S.Ct. 2112, 124 L.Ed.2d 306 (1993), and Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991), asserts that the right to present a complete defense does not, under clearly established federal law, include the right to present an affirmative defense. But Bradley, which we decided after Gilmore, is to the contrary. There, we held that the trial court’s failure to instruct the jury on an affirmative defense (entrapment) violated the defendant’s federal constitutional right to present a complete defense. Bradley, 315 F.3d at 1098-99. That failure, we held, amounted to a violation of “clearly established federal law.” Id. at 1100 (emphasis added). The cases on which the majority relies predate our decision in Bradley. The majority ’has not identified — and nor is there — any “intervening higher authority” that would permit us to revisit the matter. Miller v. Gammie, 335 F.3d 889, 900 (9th Cir. 2003) (en banc). We are thus bound by Bradley’s holding that there is a clearly established federal right to a jury instruction on an affirmative defense, provided that the defense has some foundation in evidence. Id. Indeed, we may not fail to follow that holding even if we were convinced that Bradley was wrongly decided or poorly reasoned. Nat’l Fed’n of the Blind v. United Airlines Inc., 813 F.3d 718, 728 (9th Cir. 2016).[2] The majority further suggests that Bradley does not apply here because AEDPA limits our review to only Supreme Court precedent. True, 28 U.S.C. § 2254(d) requires us to determine whether there was “an unreasonable application of[] clearly established Federal law, as determined by the Supreme Court of the United States.” (Emphasis added.) But, as the Supreme Court has explained, “an appellate panel may, in accordance with its usual law-of-the-circuit procedures, look to circuit precedent to ascertain whether it has already held that the particular point in issue is clearly established by Supreme Court precedent.” Marshall v. Rodgers, 569 U.S. 58, 64, 133 S.Ct. 1446, 185 L.Ed.2d 540 (2013) (per curiam). Finally, I agree with the majority that there is no free-standing federal right to present an insanity defense specifically. But there is a clearly established federal constitutional right to a jury instruction on “any recognized defense for which there exists evidence sufficient for a reasonable jury to find in [the defendant’s] favor.” Bradley, 315 F.3d at 1098 (emphasis added) (quoting Mathews v. United States, 485 U.S. 58, 63, 108 S.Ct. 883, 99 L.Ed.2d 54 (1988)), We have framed that right broadly to include any recognized defense. Id That is, the right does not depend on the nature of the particular defense asserted. Because Nevada provides an affirmative defense of insanity, the Federal Constitution requires an instruction when some evidence supports that defense. I therefore respectfully dissent as to Petitioner’s claim regarding his proposed jury instruction. . Under Nevada law, to qualify as being legally insane, a person must be in a delusional state such that he cannot know or understand the nature and capacity of his act, or his delusion must be such that he cannot appreciate the wrongfulness of his act, that is, that the act is not authorized by law. So, if a jury believes he was suffering from a delusional state, and if the facts as he believed them to be in his delusional state would justify his actions, he is insane and entitled to acquittal. Finger v. State, 117 Nev. 548, 27 P.3d 66, 84-85 (2001). . The majority correctly points out that Bradley did not cite the cases that the majority considers most relevant; rather, Bradley relied on Mathews v. United States, 485 U.S. 58, 63, 108 S.Ct. 883, 99 L.Ed.2d 54 (1988), California v. Trombetta, 467 U.S. 479, 485, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984), and Williams v. Taylor, 529 U.S. 362, 407, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Bradley, 315 F.3d at 1098, 1099, 1101. But the Bradley court also cited Barker v. Yukins, 199 F.3d 867, 875-76 (6th Cir. 1999), cert. denied, 530 U.S. 1229, 120 S.Ct. 2658, 147 L.Ed.2d 273 (2000), in which the Sixth Circuit had applied Trombetta and other Supreme Court cases to find, under AEDPA, a due process violation in the context of a state court's error in instructing a Michigan jury with respect to a claim of self-defense under Michigan law. Bradley, 315 F.3d at 1099. Whatever Supreme Court cases Bradley cited, though, the court held that clearly established Supreme Court law requires a jury instruction on an affirmative defense if the defense is supported by evidence. And, as noted, we must follow Bradley's on-point holding even if we disagree with that panel's reasoning.