**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ASA A. ALPHONSO, | No. 16-55973 |
| Petitioner-Appellant, | D.C. No. 3:14-cv-00884-L-JMA |
| v. | |
| STUART SHERMAN, Warden; XAVIER BECERRA, Attorney General | MEMORANDUM* |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, District Judge, Presiding

Submitted May 14, 2018**
Pasadena, California

Before: WARDLAW, NGUYEN, and OWENS, Circuit Judges.

Asa A. Alphonso appeals from the denial of his petition for a writ of habeas

corpus. As the parties are familiar with the facts, we do not recount them here.

The parties agree that Alphonso's petition is governed by 28 U.S.C. § 2254(d).

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.  As petitioner's briefing recognizes, the U.S. Supreme Court has never held that a "minority" or "non-white" group exists for purposes of *Batson v. Kentucky*, 476 U.S. 79 (1986).  There being no such precedent, petitioner's argument that the California court of appeal's refusal to recognize such a class was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," 28 U.S.C. § 2254(d)(1), necessarily fails.  *See, e.g.*, *Marshall v. Rodgers*, 569 U.S. 58, 61–64 (2013) (per curiam); *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009).

2.  Petitioner's assertion—raised for the first time in his reply brief in this court—that the California court of appeal committed constitutional error in declining to conduct a comparative juror analysis is both forfeited, *see Avila v. L.A. Police Dep't*, 758 F.3d 1096, 1101 (9th Cir. 2014), and meritless, *see Murray v. Schriro*, 745 F.3d 984, 1004–06 (9th Cir. 2014).

3.  Because the California court of appeal's decision is "the last reasoned decision" on petitioner's *Batson* claim, his assertions of error in the California trial court's analysis of that claim are immaterial to his petition for federal habeas relief. *See Fox v. Johnson*, 832 F.3d 978, 985–86 (9th Cir. 2016); *see also Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).

4.  The California court of appeal's determination that petitioner had failed

to establish a prima facie case of discrimination at *Batson*'s first step was not "an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(2); *see also Castellanos v. Small*, 766 F.3d 1137, 1147 (9th Cir. 2014).

First, the court of appeal agreed with the state trial court that the racial or ethnic identities of three of the struck jurors were not obvious during voir dire, which undermined any inference of discriminatory motive on the prosecutor's part. Given the non-obviousness of the struck jurors' racial and ethnic backgrounds, it was not "objectively unreasonable," *Jamerson v. Runnels*, 713 F.3d 1218, 1225 (9th Cir. 2013), for the court of appeal to conclude that substantial evidence supported the trial court's finding that petitioner had failed to establish a prima facie case of purposeful discrimination.

Second, given that the prosecutor's strikes of jurors fifteen, seven, and twenty-two—all apparently Caucasian—were interspersed amongst her strikes of jurors nine, eleven, twenty-six, and eight—each of a minority race (or purportedly so)—it was not objectively unreasonable for the court of appeal to agree with the trial court that petitioner had not identified a pattern of racial discrimination giving rise to an inference of a discriminatory motive. *See Wade v. Terhune*, 202 F.3d 1190, 1198 (9th Cir. 2000).

Third, given the unreliably small number of each racial group struck from the venire, the court of appeal was not unreasonable in concluding that the

exclusion of all minority veniremembers did not itself establish a prima facie case of discrimination. *See Fernandez v. Roe*, 286 F.3d 1073, 1078 (9th Cir. 2002); *Wade*, 202 F.3d at 1198.

Fourth, the record contradicts petitioner's assertion that nothing in the voir dire of the struck minority jurors "would provide a reasonable inference that the juror[s] might be biased or even that [they] would not be [] 'good prosecution juror[s].'" Juror nine said she was an attorney with friends in the legal profession and in law-enforcement; that she had been the victim of a burglary and car theft; and that her sister had been assaulted by a coworker. Juror eleven had served as a juror in both a criminal and civil case. Juror twenty-six reported that his brother had been robbed at gun point and that the two had discussed the resulting criminal investigation. And juror eight said that he had served as a juror on two criminal cases and that he had a son-in-law who is an attorney.

Fifth, although the prosecutor engaged in no meaningful voir dire of the struck minority jurors, she also did not question two white jurors she also struck before petitioner's *Batson* motion; the two jurors she struck after the motion; or eleven of the jurors that ultimately sat on petitioner's jury. The trial court questioned the venire extensively, moreover, as did defense counsel, before the prosecutor attempted further questioning of her own. Given the prosecutor's similar treatment of a large percentage of the venire and the extensiveness of the

4

trial court and defense counsel's questioning, there is no reason to perceive the prosecutor's lack of engagement with the four minority jurors as evidence of discriminatory motive, let alone to believe that the California court of appeal was objectively unreasonable in rejecting petitioner's argument to the contrary.

Finally, to the extent petitioner asks this court to conduct a comparative juror analysis to assess the reasonableness of the state court's *Batson* determination, his request is forfeited because he fails to proffer such an analysis of his own and did not raise this issue until his appellate reply brief. *See Avila*, 758 F.3d at 1101.

**AFFIRMED.**

5