NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 25 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AURELIO FIDENCIO SALDIVAR, | No. 15-55829 |
| Petitioner-Appellant, | D.C. No. 2:13-cv-07757-JLS-AS |
| v. | |
| G. D. LEWIS, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Argued and Submitted June 6, 2018
Pasadena, California

Before: LIPEZ,** NGUYEN, and OWENS, Circuit Judges.

Petitioner-Appellant Aurelio Fidencio Saldivar appeals from the denial of

his petition for a writ of habeas corpus. As the parties are familiar with the facts,

we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and

we affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Kermit V. Lipez, United States Circuit Judge for the
First Circuit, sitting by designation.

1. *Ineffective-Assistance Claim.* Contrary to petitioner's argument, the Supreme Court has never clearly resolved whether, in assessing the competence of counsel's representation under the Sixth Amendment, an appellate court may consider hypothetical strategic rationales for counsel's conduct and, if so, whether a defendant must negate every such rationale to demonstrate *Strickland* deficiency. There being no such precedent, petitioner's argument that the court of appeal's application of the standard from *People v. Lucas*, 907 P.2d 373, 389 (Cal. 1995), was "contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), necessarily fails. *See, e.g., Marshall v. Rodgers*, 569 U.S. 58, 61–64 (2013) (per curiam); *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009).

As to the court of appeal's determination that most of the purported errors by petitioner's trial counsel did not amount to constitutional deficiencies, petitioner has failed to demonstrate "an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). And as to those errors the court held to be constitutional deficiencies, petitioner has failed to show that the court of appeal was "necessarily unreasonable" in concluding that the evidence against him was overwhelming and that counsel's deficiencies therefore neither independently nor cumulatively

prejudiced him. *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011).[1]

2. *Due-Process Claim.* Even assuming that the state trial court's erroneous use of CALCRIM 1603 and its failure to provide a theft instruction violated petitioner's due-process rights, the errors did not have a "substantial and injurious effect" on the jury's verdict, either individually or cumulatively. *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993) (citation omitted); *see also Dixon v. Williams*, 750 F.3d 1027, 1034–35 (9th Cir. 2014) (per curiam). Nor did these purported instructional errors, considered cumulatively with the deficiencies the California court of appeal identified in petitioner's trial counsel's performance, prejudice petitioner's case. *See Brecht*, 507 U.S. at 637–38.

3. Petitioner's Request for Judicial Notice (Dkt. No. 22) is granted.

**AFFIRMED.**

---

[1] Contrary to petitioner's suggestions that we analyze the court of appeal's *Strickland* holdings under both § 2254(d)(1)'s "unreasonable application" prong *and* § 2254(d)(2), federal habeas review of a state court's *Strickland* analysis is properly situated under the former. *See, e.g.*, *Richter*, 562 U.S. at 101; *Cullen*, 563 U.S. at 190–203.