NOT FOR PUBLICATION

FILED

NOV 30 2018

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | | |
|---|---|---|
| ROGER E. MAGANA, | ) | No. 17-35754 |
| | ) | |
| Petitioner-Appellant, | ) | D.C. No. 3:13-cv-01049-AC |
| | ) | |
| v. | ) | MEMORANDUM* |
| | ) | |
| RON CREDIO; MICHAEL F. | ) | |
| GOWER, Oregon Department of | ) | |
| Corrections Assistant Director for | ) | |
| Operations, | ) | |
| | ) | |
| Respondents-Appellees. | ) | |
| | ) | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, Chief Judge, Presiding

Submitted November 7, 2018**
Portland, Oregon

Before: FERNANDEZ and IKUTA, Circuit Judges, and SESSIONS,*** District Judge.

---

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

***The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

Roger E. Magana appeals the district court's denial and dismissal of his petition for a writ of habeas corpus. We affirm.[1]

Magana claims that his trial counsel at his prosecution and conviction in the state of Oregon for numerous crimes was prejudicially ineffective because he did not challenge a prospective juror for cause and she became a juror at his trial. We disagree. In post conviction proceedings the Oregon Circuit Court found that counsel was not ineffective and that Magana was not prejudiced. The Oregon Court of Appeals affirmed and the Oregon Supreme Court denied review, both without opinion.[2] In order to prevail here, Magana had to show that the Oregon courts unreasonably applied the holdings of the United States Supreme Court,[3]

---

[1]We note that this case is generally governed by the standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104–32, 110 Stat. 1214 (codified in scattered sections of the United States Code)("AEDPA").

[2]We, therefore, take the rationale of the Oregon Circuit Court as the basis for the decision of the Oregon courts. *See Wilson v. Sellers*, ___ U.S. ___, ___, 138 S. Ct. 1188, 1192, 200 L. Ed. 2d 530 (2018); *Ayala v. Chappell*, 829 F.3d 1081, 1095 (9th Cir. 2016).

[3]*See* 28 U.S.C. § 2254(d)(1); *see also Woods v. Donald*, ___ U.S. ___, ___, 135 S. Ct. 1372, 1376, 191 L. Ed. 2d 464 (2015) (per curiam); *Harrington v. Richter*, 562 U.S. 86, 100, 131 S. Ct. 770, 785, 178 L. Ed. 2d 624 (2011); *Williams v. Taylor*, 529 U.S. 362, 407, 120 S. Ct. 1495, 1520, 146 L. Ed. 2d 389 (2000). We note that Magana also argues that 28 U.S.C. § 2254(d)(2) should offer him relief, but his factual argument is just an allotrope of his application argument, and does

(continued...)

when they determined that "counsel's representation [did not fall] below an objective standard of reasonableness,"[4] and that Magana was not prejudiced[5] by the empanelment of the juror. We owe the Oregon courts' decision double deference. *See Harrington,* 562 U.S. at 105, 131 S. Ct. at 788. That is, "the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

Applying those standards, we cannot say that the Oregon courts unreasonably determined that counsel was not ineffective when he decided that he would not challenge the juror in question for cause. Those courts could reasonably decide that the juror was impartial. *See* U.S. Const. amend. VI; *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 554, 104 S. Ct. 845, 849, 78 L. Ed. 2d 663 (1984); *Irvin v. Dowd*, 366 U.S. 717, 724–25, 81 S. Ct. 1639, 1643–44, 6 L. Ed. 2d 751 (1961). Although the juror's answers at voir dire were somewhat

---

[3](...continued)
not affect our decision. *See Lopez v. Smith*, ___ U.S. ___, ___, 135 S. Ct. 1, 5, 190 L. Ed. 2d 1 (2014) (per curiam).

[4]*Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984); *see also id*. at 689–90, 104 S. Ct. at 2065–66; *United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995).

[5]*See Davis v. Woodford*, 384 F.3d 628, 643 (9th Cir. 2004); *see also Ybarra v. McDaniel*, 656 F.3d 984, 1001 (9th Cir. 2011).

3

equivocal, no clearly established Supreme Court law has declared that equivocal answers require a determination that there is bias. *See Skilling v. United States*, 561 U.S. 358, 395–99, 130 S. Ct. 2896, 2923–25, 177 L. Ed. 2d 619 (2010); *Patton v. Yount*, 467 U.S. 1025, 1038–40, 104 S. Ct. 2885, 2892–93, 81 L. Ed. 2d 847 (1984); *Irvin*, 366 U.S. at 722–25, 81 S. Ct. at 1642–44. The juror said that she could serve as a juror, would really try to be fair and impartial, and would do her best. Plainly, her words and demeanor and tone satisfied counsel, and the Oregon courts were satisfied with his approach. Applying the deferential standard of review that we are required to apply, we cannot say that the Oregon courts' decision was so lacking in justification under clearly established Supreme Court law that no fairminded jurist could so decide. *Woods*, ___ U.S. at ___, 135 S. Ct. at 1376. We do recognize that some of our cases, which are not governed by the AEDPA standards, may point toward a different conclusion,[6] but, of course, those cases did not create clearly established Supreme Court law,[7] and, thus, do not affect our decision. In short, the district court did not err when it denied Magana's

---

[6]*See United States v. Kechedzian*, 902 F.3d. 1023, 1029–30, (9th Cir. 2018); *Fields v. Brown*, 503 F.3d 755, 767 (9th Cir. 2007) (en banc); *United States v. Gonzalez*, 214 F.3d 1109, 1113 & n.5, 1114 (9th Cir. 2000).

[7]*See Lopez*, ___ U.S. at ___, 135 S. Ct. at 4; *cf. Marshall v. Rodgers*, 569 U.S. 58, 64, 133 S. Ct. 1446, 1450–51, 185 L. Ed. 2d 540 (2013).

habeas corpus petition.[8]

AFFIRMED.

---

[8]We decline to issue an expanded certificate of appealability regarding other jurors. *See* 28 U.S.C. § 2253(c)(1); *see also* 9th Cir. R. 22-1. Their lack of bias was even more clear and, as we see it, "'reasonable jurists'" would not grant the petition, debate doing so, or encourage the petitioner "'to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003).