FILED

NOT FOR PUBLICATION

OCT 28 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

GEORGE THOMAS LeROY,

Petitioner - Appellant,

v.

BRIAN BELLEQUE,

Respondent - Appellee.

No. 14-35117

D.C. No. 3:10-cv-00516-ST

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted October 13, 2015[**]
Portland, Oregon

Before:     TASHIMA, GILMAN[***], and BEA, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

[***]    The Honorable Ronald Lee Gilman, Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

Petitioner-Appellant George LeRoy appeals from the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

In 1996, LeRoy was convicted in Oregon state court of attempted murder, attempted aggravated murder, first degree and second degree assault, and felon in possession of a firearm. Because he raised an insanity defense, the jury was instructed, as required by Oregon law, *see* Or. Rev. Stat. §§ 161.313, 161.327, that, if they were to find the defendant "guilty except for insanity," the defendant could be released from custody if either the court or a state agency found that he was no longer a danger to others (hereinafter the "consequences instruction").

On direct appeal, the Oregon Court of Appeals held that the consequences instruction did not violate either the Sixth or Fourteenth Amendments to the U.S. Constitution. *State v. LeRoy*, 49 P.3d 115 (Or. Ct. App. 2002) (per curiam). The Oregon Supreme Court denied review. *State v. Leroy*, 59 P.3d 1279 (Or. 2002).

After unsuccessfully seeking post-conviction relief in Oregon state court, LeRoy filed this federal habeas petition, arguing that the consequences instruction violated his Sixth and Fourteenth Amendment rights to an impartial jury and a fair trial. The district court denied the petition.

LeRoy's habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996. *See* 28 U.S.C. § 2254. Because LeRoy's Sixth and Fourteenth Amendment claims were adjudicated on the merits by the Oregon Court of Appeals, we may grant LeRoy's petition only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See* 28 U.S.C. § 2254(d).

"The starting point for cases subject to § 2254(d)(1) is to identify the 'clearly established Federal law, as determined by the Supreme Court of the United States' that governs the habeas petitioner's claims." *Marshall v. Rodgers*, 133 S. Ct. 1446, 1449 (2013) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). "If Supreme Court 'cases give no clear answer to the question presented, . . . it cannot be said that the state court unreasonably applied clearly established Federal law.'" *Hedlund v. Ryan*, 750 F.3d 793, 799 (9th Cir. 2014) (quoting *Wright v. Van Patten*, 552 U.S. 120, 126 (2008)). Further, the Supreme Court "has held on numerous occasions that it is not an 'unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been

squarely established by" the Supreme Court. *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009).

The Supreme Court has not held that giving a consequences instruction related to an insanity defense violates a defendant's constitutional rights. The cases LeRoy cites are not to the contrary; their holdings do not "squarely establish" the "specific legal rule" that LeRoy espouses. Accordingly, we conclude that the decision of the Oregon Court of Appeals rejecting LeRoy's Sixth and Fourteenth Amendment claims was neither contrary to, nor an unreasonable application of, clearly established federal law. The district court did not err in denying LeRoy's habeas petition.

**AFFIRMED.**