NOT FOR PUBLICATION

FILED



JAN 17 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAMUEL ISAAC MARQUEZ, | No.   16-15634 |
| Petitioner-Appellant, | D.C. No. 3:08-cv-00647-LRH-VPC |
| v. | |
| JO GENTRY, Warden and ATTORNEY GENERAL FOR THE STATE OF NEVADA, | MEMORANDUM* |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted December 6, 2017
San Francisco, California

Before:  GRABER and N.R. SMITH, Circuit Judges, and ZIPPS,** District Judge.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable Jennifer G. Zipps, United States District Judge for the District of Arizona, sitting by designation.

Samuel Marquez appeals the district court's denial of habeas corpus relief for his jury conviction for first-degree murder with a deadly weapon. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

1. The district court did not err in denying Marquez's claim that the Nevada state district court's refusal to give an insanity instruction[1] violated his due process rights. Under the Antiterrorism and Effective Death Penalty Act (AEDPA), habeas relief for a state court judgment may only be granted if the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d); *see also Harrington v. Richter*, 562 U.S. 86, 100 (2011). Neither is present in this case.

There is no federal right to present an insanity defense. *Medina v. California*, 505 U.S. 437, 449 (1992); *Clark v. Arizona*, 548 U.S. 735, 752 n.20 (2006). Thus, we are bound by the decisions of state courts interpreting the state law affirmative defense of insanity. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Gilmore v.*

---

[1] We decline to address Marquez's claim regarding a diminished capacity instruction as the Certificate of Appealability did not grant him a right to appeal that issue. 28 U.S.C. § 2253(c)(3); Ninth Rule 22-1(e).

*Taylor*, 508 U.S. 333, 342 (1993) ("[I]nstructions that contain errors of state law may not form the basis for federal habeas relief."); *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). Further, the extent of the right to present a "complete defense" under federal law does not extend to "restrictions imposed on a defendant's ability to present an affirmative defense," but only the "exclusion of evidence" and the "testimony of defense witnesses." *Gilmore*, 508 U.S. at 343-44; *see also Estelle*, 502 U.S. at 71-72 ("[T]he fact that the instruction was allegedly incorrect under state law is not a basis for habeas relief.").[2] As such, there was no "unreasonable application" of clearly established federal law, nor an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The Nevada Supreme Court held that the state

---

[2] The dissent makes three errors. First, the dissent cites *Bradley v. Duncan*, 315 F.3d 1091 (9th Cir. 2002), as controlling precedent. *Bradley* neither cites nor examines the United States Supreme Court precedent directly on point, namely *Estelle*, 502 U.S. at 71-72, and *Gilmore*, 508 U.S. at 343-44. As required in habeas review, we must follow the Supreme Court's precedent to resolve this case. 28 U.S.C. § 2254(d) (requiring a state court decision that was "an unreasonable application of, clearly established Federal law, *as determined by the Supreme Court of the United States*" for habeas review (emphasis added)); *Harrington*, 562 U.S. at 100. Second, both *United States v. Johnson*, 459 F.3d 990 (9th Cir. 2006), and the primary case relied upon by the *Bradley* panel, *Mathews v. United States*, 485 U.S. 58 (1988), are direct appeals from a *federal* district court, not habeas cases reviewing: (1) a state trial; or (2) the applicability of a *state* defense not recognized in federal law. Finally, *Bradley* used a pre-AEDPA case, *Conde v. Henry*, 198 F.3d 734 (9th Cir. 1999), to justify its use of *Mathews*, a non-habeas case. *See Bradley*, 315 F.3d at 1098. Thus, we must instead follow the mandatory requirements in 28 U.S.C. § 2254(d) and adhere to United States Supreme Court precedent for resolution of this case.

3

district court properly refused to give the insanity instruction under Nevada law, and we are bound by that determination.

2. The district court did not err in denying Marquez's ineffective assistance of counsel claim. Under the AEDPA's "doubly" highly deferential review for deficient performance claims, *Harrington*, 562 U.S. at 105, Marquez's counsel did not perform "below an objective standard of reasonableness," nor was counsel's performance prejudicial to Marquez, *id.* at 104.

"An attorney undoubtedly has a duty to consult with the client regarding important decisions, including questions of overarching defense strategy," however such an obligation "does not require counsel to obtain the defendant's consent to every tactical decision." *Florida v. Nixon*, 543 U.S. 175, 187 (2004) (internal citations and quotation marks omitted). Marquez's argument only establishes that counsel may not have conferred with him just before the closing statement. However, Marquez and his counsel may have established an overall defense strategy at an earlier time. Counsel's closing statement was clearly in concert with the opening statement and reflected the overall defense strategy. Moreover, when the state district court denied Marquez's attempt to get an instruction on insanity, it was not objectively unreasonable, nor prejudicial, to argue for second-degree

murder in light of the overwhelming evidence, including security footage and a voluntary confession, that Marquez had committed the charged crime.

**AFFIRMED.**



Marquez v. Gentry, No. 16-15634

GRABER, Circuit Judge, concurring in part and dissenting in part:

I concur in part and dissent in part.  I agree with the majority that the district court did not err in denying Petitioner's ineffective assistance of counsel claim, but I part ways with the majority with respect to the jury instruction issue.

Every criminal defendant has the right to a meaningful opportunity to present a complete defense.  California v. Trombetta, 467 U.S. 479, 485 (1984).  As we explained in Bradley v. Duncan, 315 F.3d 1091, 1099 (9th Cir. 2002), that right "would be empty if it did not entail the further right to an instruction that allowed the jury to consider the defense."  (Internal quotation marks omitted.)  Accordingly, we have held consistently that a criminal defendant has a federal constitutional right to have the jury instructed according to his or her theory of the case if the theory has "some foundation in evidence."  United States v. Johnson, 459 F.3d 990, 992 (9th Cir. 2006) (internal quotation marks omitted).

Here, Petitioner presented some evidence supporting his insanity defense.[1]

---

[1] Under Nevada law, to qualify as being legally insane, a person

must be in a delusional state such that he cannot know or understand the nature and capacity of his act, or his delusion must be such that he cannot appreciate the wrongfulness of his act, that is, that the act is not authorized by law.  So, if a jury believes he was suffering from a delusional state, and if the facts as he believed them to be in his delusional state would justify his actions, he is insane and entitled to

(continued...)

For example, Dr. Chambers testified that, at the time of the alleged offense, Petitioner was laboring under the delusion that an apparition would kill him if he did not do as it wanted. Dr. Chambers further testified that Petitioner did not consider "right and wrong" when he acted; rather, Petitioner "did what he did out of fear and out of self preservation."

The majority, relying on Gilmore v. Taylor, 508 U.S. 333, 342 (1993), and Estelle v. McGuire, 502 U.S. 62, 67–68 (1991), asserts that the right to present a complete defense does not, under clearly established federal law, include the right to present an affirmative defense. But Bradley, which we decided after Gilmore, is to the contrary. There, we held that the trial court's failure to instruct the jury on an affirmative defense (entrapment) violated the defendant's federal constitutional right to present a complete defense. Bradley, 315 F.3d at 1098–99. That failure, we held, amounted to a violation of "clearly established federal law." Id. at 1100 (emphasis added).

The cases on which the majority relies predate our decision in Bradley. The majority has not identified—and nor is there—any "intervening higher authority"

---

¹(...continued)
acquittal.

Finger v. State, 27 P.3d 66, 84–85 (Nev. 2001).

2

that would permit us to revisit the matter.  Miller v. Gammie, 335 F.3d 889, 900

(9th Cir. 2003) (en banc).  We are thus bound by Bradley's holding that there is a

clearly established federal right to a jury instruction on an affirmative defense,

provided that the defense has some foundation in evidence.  Id.  Indeed, we may

not fail to follow that holding even if we were convinced that Bradley was wrongly

decided or poorly reasoned.  Nat'l Fed'n of the Blind v. United Airlines Inc., 813

F.3d 718, 728 (9th Cir. 2016).[2]

The majority further suggests that Bradley does not apply here because

AEDPA limits our review to only Supreme Court precedent.  True, 28 U.S.C.

§ 2254(d) requires us to determine whether there was "an unreasonable application

of[] clearly established Federal law, as determined by the Supreme Court of the

---

[2] The majority correctly points out that Bradley did not cite the cases that the majority considers most relevant; rather, Bradley relied on Mathews v. United States, 485 U.S. 58, 63 (1988), California v. Trombetta, 467 U.S. 479, 485 (1984), and Williams v. Taylor, 529 U.S. 362, 407 (2000).  Bradley, 315 F.3d at 1098, 1099, 1101.  But the Bradley court also cited Barker v. Yukins, 199 F.3d 867, 875–76 (6th Cir. 1999), cert. denied, 530 U.S. 1229 (2000), in which the Sixth Circuit had applied Trombetta and other Supreme Court cases to find, under AEDPA, a due process violation in the context of a state court's error in instructing a Michigan jury with respect to a claim of self-defense under Michigan law.  Bradley, 315 F.3d at 1099.  Whatever Supreme Court cases Bradley cited, though, the court held that clearly established Supreme Court law requires a jury instruction on an affirmative defense if the defense is supported by evidence.  And, as noted, we must follow Bradley's on-point holding even if we disagree with that panel's reasoning.

3

United States." (Emphasis added.)  But, as the Supreme Court has explained, "an appellate panel may, in accordance with its usual law-of-the-circuit procedures, look to circuit precedent to ascertain whether it has already held that the particular point in issue is clearly established by Supreme Court precedent."  Marshall v. Rodgers, 569 U.S. 58, 64 (2013) (per curiam).

Finally, I agree with the majority that there is no free-standing federal right to present an insanity defense specifically.  But there is a clearly established federal constitutional right to a jury instruction on "any recognized defense for which there exists evidence sufficient for a reasonable jury to find in [the defendant's] favor." Bradley, 315 F.3d at 1098 (emphasis added) (quoting Mathews v. United States, 485 U.S. 58, 63 (1988)).  We have framed that right broadly to include any recognized defense.  Id.  That is, the right does not depend on the nature of the particular defense asserted.  Because Nevada provides an affirmative defense of insanity, the Federal Constitution requires an instruction when some evidence supports that defense.  I therefore respectfully dissent as to Petitioner's claim regarding his proposed jury instruction.