Filed 3/16/21  P. v. Millare CA2/7

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MORIANO DEPORIS MILLARE,<br><br>    Defendant and Appellant. | B305761<br><br>(Los Angeles County<br>Super. Ct. No. BA135442) |

APPEAL from a nonappealable order of the Superior Court of Los Angeles County.  James R. Dabney, Judge.  Appeal dismissed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior

Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, and Rama R. Maline, Deputy Attorney General, for Plaintiff and Respondent.

_____

Moriano Millare, convicted in October 1996 of attempted murder, attempted robbery and several other crimes, appeals the superior court's March 11, 2020 denial of his postjudgment motion for resentencing pursuant to Penal Code section 1170, subdivision (d)(1).[1]  Millare contends he was deprived of his right to be present at the resentencing, a critical stage of the criminal proceedings.  We dismiss the appeal as taken from a nonappealable order.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *Millare's Conviction and First Revised Sentence*

Millare was convicted by a jury on October 30, 1996 of attempted willful, deliberate and premeditated murder (§§ 664, 187, subd (a)), assault with a semiautomatic firearm (§ 245, subd. (b)), attempted robbery (§§ 664, 211) and shooting into an occupied motor vehicle (§ 246).  The jury found true enhancement allegations that Millare had personally used a firearm when committing the attempted murder and two of the other felonies (§ 12022.5, subd. (a)).  The jury also found true special allegations Millare had suffered a prior violent or serious felony conviction within the meaning of the three strikes law (§§ 667, subds. (b)-(i), 1170.12) and a prior serious felony conviction under section 667, subdivision (a).  We affirmed the judgment on appeal.  (*People v. Millare* (Feb. 10, 1998, B108492) [nonpub. opn.].)

_____

[1]      Statutory references are to this code.

2

In March 1998, shortly after we had affirmed Millare's convictions and in response to a notice from the California Department of Corrections and Rehabilitation (CDCR)[2] identifying an error in Millare's sentence, the trial court resentenced Millare to an aggregate indeterminate state prison term of life plus 37 years:  life with the possibility of parole for attempted murder plus 10 years for the firearm enhancement; a consecutive upper term of nine years for assault with a semiautomatic weapon, doubled under the three strikes law, plus four years for the firearm enhancement; plus five years for the prior serious felony conviction.  The court imposed a term of three years four months (one-third the middle term of five years doubled under the three strikes law) for shooting at an occupied vehicle to run concurrently with the term for aggravated assault and imposed and stayed pursuant to section 654 a term of two years four months for attempted second degree robbery.

2. *CDCR's 2018 and 2019 Letters and Millare's Motion for Resentencing*

On January 11, 2018 CDCR sent the trial court a letter asking for clarification of Millare's sentence for shooting at an occupied vehicle.[3]  The letter explained that imposition of one-third the middle term is applicable only when sentencing determinate terms consecutively.  When a sentence is imposed to

---

[2]     At the time of this notice, the agency was called the California Department of Corrections.  It reorganized and was renamed the CDCR in 2005.  (See *Freitag v. Ayers* (9th Cir. 2006) 468 F.3d 528, 537, fn. 4.)

[3]     The letter was prepared by a correctional case records analyst on behalf of a correctional case records manager in the legal processing unit of CDCR's division of adult institutions.

run concurrently with another term, the full lower, middle or upper term (doubled if a second strike offense) must be imposed. The letter requested that the court review its file to determine if a correction in Millare's sentence was required. When no response from the court had been received, on January 3, 2019 CDCR wrote the Los Angeles County District Attorney, attaching a copy of the January 11, 2018 letter, and asking for a status report.

In June 2018 Millare filed a motion for recall of sentence and resentencing under section 1170, subdivision (d), based on CDCR's January 11, 2018 letter.

3. *The December 31, 2019 Hearing To Correct Millare's Sentence*

On December 31, 2019, without Millare in court but with his counsel and a prosecutor present, the trial court modified Millare's sentence nunc pro tunc by deleting the sentence previously imposed for shooting at an occupied vehicle and instead imposing "the mid-term of 10 years, doubled [as a second strike offense], for a total of 20 years to run concurrent with count 4."[4] In its minute order the court explained CDCR's January 11, 2018 letter had been "placed in a box with various other documents and found at a later date."

---

[4] The sentencing triad for a felony violation of section 246 is three, five or seven years, which, if doubled for a second strike offense, would authorize a prison term of six, 10 or 14 years, not 20 years. Because we lack jurisdiction to consider Millare's appeal from the March 11, 2020 order, correction of this error must await a future judicial proceeding.

4

4. *Denial of Millare's Motion for Resentencing*

The court denied Millare's motion for resentencing on March 11, 2020, ruling CDCR letters seeking clarification or correction of errors in Millare's sentence did not invoke a right to resentencing under section 1170, subdivision (d)(1). Neither Millare nor his counsel was present.

In its minute order the court also explained, "This motion was among a number filed by the petitioner that were not provided to the court for review. After discovering that the clerk at the time was not processing large amounts of correspondence, the court undertook a review of several boxes of correspondence to determine which contained filings that had never been addressed. This motion was among the filings discovered but was not addressed as it was appended to others that were."[5]

Millare filed a timely notice of appeal from the March 11, 2020 order denying his motion for resentencing. He has not appealed the December 31, 2019 resentencing order.

## DISCUSSION

Millare's appeal is premised on several unassailable propositions. First, a criminal defendant "has a constitutional right to be present at all critical stages of the criminal prosecution, i.e., 'all stages of the trial where his absence might

---

[5]     Millare petitioned this court for a writ of mandate on March 2, 2020 (B304621) seeking, in part, an order requiring the superior court to rule on his motion for resentencing, which had been pending since June 2018. The March 11, 2020 ruling followed a call from this court's clerk's office to determine the status of Millare's motion. On March 18, 2020, having received a copy of the March 11, 2020 minute order, we dismissed Millare's petition as moot.

frustrate the fairness of the proceedings' [citation], or 'whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge.'" (*People v. Rodriguez* (1998) 17 Cal.4th 253, 260; see *People v. Cole* (2004) 33 Cal.4th 1158, 1231.) This constitutional right to be present extends to sentencing hearings (*People v. Cutting* (2019) 42 Cal.App.5th 344, 348; *People v. Sanchez* (2016) 245 Cal.App.4th 1409, 1414), as well as resentencing proceedings (*Rodriguez*, at p. 257 ["[t]he People . . . do 'not dispute that a defendant has an absolute right to be present at a sentence modification hearing and imposition of sentence'"]; *People v. Simms* (2018) 23 Cal.App.5th 987, 996 [defendant's right to be personally present "extends to sentencing and resentencing proceedings"]; see *Cutting*, at p. 348; *People v. Rouse* (2016) 245 Cal.App.4th 292, 300 [when court is expected to exercise its sentencing discretion and restructure the entire sentencing package, the proceeding is properly characterized as a critical stage]). The defendant also has a statutory right to be present at sentencing proceedings. (§ 977, subd. (b)(1).)

In addition, defendants have a constitutional right to counsel at all critical states of a criminal trial, including sentencing. (*Marshall v. Rodgers* (2013) 569 U.S. 58, 62 [133 S.Ct. 1446, 185 L.Ed.2d 540] ["[i]t is beyond dispute that '[t]he Sixth Amendment safeguards to an accused who faces incarceration the right to counsel at all critical stages of the criminal process'" up to and including sentencing]; *Gardner v. Appellate Division of Superior Court* (2019) 6 Cal.5th 998, 1003 [same]; *People v. Doolin* (2009) 45 Cal.4th 390, 453.)

Second, when a case is remanded for resentencing, "'a full resentencing as to all counts is appropriate, so the trial court can

6

exercise its sentencing discretion in light of the changed circumstances.'" (*People v. Buycks* (2018) 5 Cal.5th 857, 893; accord, *People v. Bell* (2020) 48 Cal.App.5th 1, 24 [upon appellate court's striking of a section 667.5, subdivision (b), prior prison term enhancement, "the trial court is entitled to reconsider appellant's entire sentence"]; *People v. Acosta* (2018) 29 Cal.App.5th 19, 26 [on remand for resentencing "the trial court will have '"jurisdiction to modify every aspect of [appellant's] sentence"'"].)

Third, under the rule of *In re Estrada* (1965) 63 Cal.2d 740, "in the absence of a savings clause providing only prospective relief or other clear intention concerning any retroactive effect, 'a legislative body ordinarily intends for ameliorative changes to the criminal law to extend as broadly as possible, distinguishing only as necessary between sentences that are final and sentences that are not.'" (*People v. Buycks*, *supra,* 5 Cal.5th at p. 881; accord, *People v. Stamps* (2020) 9 Cal.5th 685, 699.) Specifically, a defendant resentenced after January 1, 2019 (and whose sentence, therefore, is not yet final) is entitled to the benefit of Senate Bill No. 620 (2017-2018 Reg. Sess.), effective January 1, 2018, allowing a trial court to strike or dismiss firearm enhancements under sections 12022.2 and 12022.53, and Senate Bill No. 1393 (2017–2018 Reg. Sess.), effective January 1, 2019, allowing a trial court to dismiss a section 667, subdivision (a), prior serious felony enhancement in furtherance of justice. (See *Stamps*, at p. 699.)

Millare contends all three of these principles apply when the trial court corrects a previously imposed sentence in response to a letter from CDCR pointing out possible errors in the court's calculations. Accordingly, he asserts, he was deprived of his

constitutional right to be present at resentencing; and the error was not harmless because neither he nor his counsel was given the opportunity to argue the court should exercise its discretion to strike or dismiss one or both of the firearm enhancements and the prior serious felony enhancement, which were mandatory in 1996 and 1998, but discretionary in 2019.

It is far from clear that Millare was resentenced within the meaning of *People v. Buycks*, *supra,* 5 Cal.5th 857 and the other cases he cites when the trial court, in response to CDCR's January 11, 2018 letter, corrected the concurrent sentence imposed for shooting into an occupied vehicle. Section 1170, subdivision (d)(1), authorizes a trial court upon recommendation of the secretary of the CDCR to "recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he or she had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence." The letter that inquired about a possible sentencing error and triggered the December 31, 2019 correction in this case, however, was from a case records analyst, not CDCR's secretary, and did not, either expressly or implicitly, recommend recalling Millare's sentence. (See *People v. Humphrey* (2020) 44 Cal.App.5th 371, 380 [correction of error in abstract of judgment at suggestion of CDCR, which did not recommend recalling the sentence under section 1170, subdivision (d)(1), did not constitute resentencing entitling defendant to benefit of Senate Bill No. 620]; see also *People v. Hill* (1986) 185 Cal.App.3d 831, 833-834 [after CDCR recommended recall and resentencing because of illegality in the sentence, the trial court is entitled to reconsider the entire sentencing scheme].) But we need not decide that question

because Millare appealed only from the March 11, 2020 order denying his own motion for resentencing, not the sentence imposed on December 31, 2019.[6]  Accordingly, any errors that may have occurred in connection with the correction of his sentence on December 31, 2019 are not before us.

As for the order Millare has appealed, it, too, is not properly before us because it is not an appealable order. Generally, a trial court has no jurisdiction to resentence a defendant after execution of the sentence has begun.  (*People v. Karaman* (1992) 4 Cal.4th 335, 344; *People v. Hernandez* (2019) 34 Cal.App.5th 323, 326.)  As discussed, section 1170, subdivision (d)(1), the statute upon which Millare based his motion, authorizes the trial court to recall a sentence and resentence the defendant upon recommendation of the secretary of CDCR.  It also authorizes the trial court on its own motion within 120 days of the defendant's commitment to recall the sentence and, upon recommendation of the Board of Parole Hearings or the district attorney of the county in which the defendant was sentenced, to resentence the defendant at any time.  In addition, the trial court may at any time correct computational and clerical errors.  (See *People v. Torres* (2020) 44 Cal.App.5th 1081, 1085.)  Millare's request for resentencing, which at this point asks for an opportunity to seek dismissal of several now-discretionary enhancements, does not fall within any

---

[6]     Millare filed his notice of appeal on March 23, 2020, 83 days after the December 31, 2019 hearing.  Even if we were to liberally construe his notice of appeal to include that order, the notice would be untimely.  (Cal. Rules of Court, rule 8.308(a) [notice of appeal must be filed within 60 days after the rendition of the judgment or the making of the order being appealed].)

of these exceptions to the trial court's general lack of resentencing jurisdiction.

If the trial court lacks jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion is not appealable; and an appeal from such an order must be dismissed. (*People v. Torres, supra*, 44 Cal.App.5th at p. 1084; see *People v. Alexander* (2020) 45 Cal.App.5th 341, 345 [dismissing an appeal from an order denying the defendant's motion to strike enhancements for prior serious felony convictions under Senate Bill No. 1393 because the trial court lacked jurisdiction to grant the motion]; *People v. Hernandez, supra*, 34 Cal.App.5th at pp. 326-327 [dismissing an appeal from an order denying the defendant's motion to dismiss a firearm enhancement under Senate Bill No. 620 because the trial court lacked jurisdiction to grant the motion]; *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135 [same].)

## DISPOSITION

The appeal is dismissed.


PERLUSS, P. J.

We concur:



SEGAL, J.



FEUER, J.


10